UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR JAY GLADSON,

        Petitioner,                                Criminal Case Number 07-20222
v.                                                     Civil Case Number 16-12274
                                                        Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING MOTION TO VACATE SENTENCE

On June 20, 2016, the defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Gladson pleaded guilty to conspiracy to distribute cocaine, 21 U.S.C. § 846, and using a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c). On September 4, 2008, he was sentenced to concurrent terms of 156 months on the conspiracy count and 60 months on the firearm count. Due to the number and type of his prior convictions, his sentencing range was determined under the Career Offender guideline, U.S.S.G. § 4B1.1, which calls for a sentencing enhancement for any prior conviction of a "crime of violence," as defined under U.S.S.G. § 4B1.2(a) (the so-called "residual clause" of the career offender guideline). Two of the convictions on which the Court relied in assessing the defendant's Career Offender status were for fleeing and eluding, Mich. Comp. Laws § 750.479a. The Court found that those convictions qualified under the residual clause as "crimes of violence."

In his motion, the petitioner argues that, because the Sixth Circuit has held that the residual clause is unconstitutionally vague, and because his two prior convictions do not qualify under any other provision of the Career Offender guideline, he is entitled to resentencing under the lower guidelines that would apply absent the Career Offender enhancement.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or the conviction "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

"[I]n *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015), [the Supreme Court held] that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague." *Beckles v. United States*, --- U.S. ---, 2017 WL 855781, at *3 (Mar. 6, 2017). Following that decision, in *United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016), the Sixth Circuit concluded that the Court's reasoning in *Johnson* "compels the same result for [the] identical 'residual clause' in the U.S. Sentencing Guidelines," and held that the residual clause of the Career Offender guideline also was unconstitutionally vague. However, on March 6, 2017, the Supreme Court reversed that decision, holding that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles*, 2017 WL 855781, at *11.

The challenge to the residual clause of the Career Offender guideline that the petitioner raises in his motion squarely was rejected by the Supreme Court in its decision in *Beckles*, and the petitioner's motion does not assert any other grounds for relief. The petitioner has failed to establish that he is being held under an unlawful sentence, and his motion therefore will be denied.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate sentence [dkt. #286] is **DENIED**.

It is further **ORDERED** that the government's motion to stay the proceedings on the motion to vacate [dkt. #292] is **DISMISSED** as moot.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: March 15, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 15, 2017.

                              s/Susan Pinkowski
                              SUSAN PINKOWSKI